# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MILANI CONSTRUCTION, LLC, | |
| *Plaintiff*, | |
| v. | Civil Action No. 19-3669 (TJK) |
| CREATIVE CONCEPTS GROUP, INC. *et al.*, | |
| *Defendants*. | |

## MEMORANDUM OPINION AND ORDER

This case illustrates why Congress provided for recovery of attorneys' fees under 28 U.S.C. § 1447(c) when a party removes a case to federal court without a reasonable basis for doing so. The parties litigated this matter in the Superior Court of the District of Columbia for nearly two years, and Milani Construction, LLC secured a final judgment against Creative Concepts Group, Inc. On the eve of a hearing related to the satisfaction of that judgment, a third party—the sole member of which is Creative's President, *see* ECF No. 1 at 3—filed a notice of removal that brought the litigation to a standstill. Before the Court is Milani's motion to remand and request for attorneys' fees, ECF No. 5. The parties agree that the case must be remanded because diversity jurisdiction is lacking, but they disagree on whether an award of costs and expenses, including attorneys' fees, is warranted. Section 1447 seeks "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Because the third party's dilatory maneuver had no reasonable basis, the Court will remand the case and award Milani the costs and expenses it incurred as a result of the improper removal.

## I. Background

Milani sued Creative, its contractor, and Creative's President, Bryan Neumann, in Superior Court in December 2017. *See* ECF No. 1-3 ("Compl.") at 1–2. Milani alleges that Creative failed to reimburse a steel subcontractor after Milani paid Creative for the steel. *Id.* at 2–5. The Superior Court judge granted Milani's Motion for Partial Summary Judgment as to its breach of contract claim against Creative. *See* ECF No. 1-6. After Milani dismissed its claim against Neumann with prejudice in April 2019, the judge entered final judgment in Milani's favor in the amount of $393,623.30. *Id.*

In June 2019, Milani moved for a writ of attachment under D.C. Code § 16-546 to satisfy the judgment with funds due from a contract with a non-party, Fort Myer Construction Corp. *See* ECF No. 5-1 at 2; ECF No. 6 at 1. But Fort Myer had not contracted with Creative Concepts Group, *Inc.*—the defendant—but with another entity, Creative Concepts Group, *LLC* ("CCGI LLC"). *See* ECF No. 5-1 at 1–2; ECF No. 6 at 1. The court held a hearing on November 26, 2019, to determine whether Creative and CCGI LLC were "all one and the same entity" and whether there had been "a fraudulent conveyance" from Creative to CCGI LLC to avoid Creative's debt to Milani. ECF No. 6-1 at 1, Hrg. Tr. 6:8–10. The hearing was scheduled to resume on December 10, 2019. Hrg. Tr. 69:1–5.

But on December 9, 2019—the day before the hearing was to continue—CCGI LLC filed (1) an opposed motion to intervene, arguing that the LLC had an interest in the case because the Superior Court "intended to *sua sponte* garnish funds owed to [CCGI LLC] under contracts it has with Fort Myer Construction to satisfy a judgment entered against Creative," ECF No. 1-2 at 1, and (2) a notice of removal to this Court, citing diversity jurisdiction, ECF No. 1 at 2–3. Needless to say, when CCGI LLC filed the notice of removal, the Superior Court judge had yet to rule on the motion to intervene, although she denied it the next day. ECF No. 5-1 at 3. Milani

now seeks to remand the case back to Superior Court and recover its costs and attorneys' fees in litigating the remand; it argues that removal was improper because (1) the parties are not diverse and (2) CCGI LLC, the removing party, was not a defendant in the Superior Court action, as is required. ECF No. 5.

## II. Legal Standards

A "defendant or the defendants" may remove an action brought in state court if the federal court has original subject matter jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the action involves citizens of different states, 28 U.S.C. § 1332(a), meaning that "no plaintiff may share state citizenship with any defendant." *CostCommand, LLC v. WH Adm'rs, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016). The citizenship of a limited liability company is determined by the citizenship of each member of the limited liability company. *Id.*

"[T]he case shall be remanded" if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Upon a plaintiff's motion to remand for "lack of subject matter jurisdiction, the defendant bears the burden of establishing that federal subject matter jurisdiction exists." *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 127 (D.D.C. 2013). The plaintiff may also obtain "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," 28 U.S.C. § 1447(c), if "the removing party lacked an objectively reasonable basis for seeking removal." *Knop v. Mackall*, 645 F.3d 381, 382 (D.C. Cir. 2011) (quoting *Martin*, 546 U.S. at 141). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141.

## III. Analysis

The parties agree that the Court lacks diversity jurisdiction over this suit between Maryland corporations. *See* ECF No. 5-1 at 3–4, 7; ECF No. 6 at 2; *CostCommand*, 820 F.3d at

3

21. There is therefore no dispute on the issue of remand. Under the statute, the Court must remand the case for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

The remaining issue is Milani's request for costs and expenses relating to the removal, which turns on whether CCGI LLC had an objectively reasonable basis for removing the suit from Superior Court. The Court holds that, even if CCGI LLC reasonably (but mistakenly) believed that the parties were diverse, *see* ECF No. 6 at 2, it lacked an objectively reasonable basis to remove the case because it was not a defendant when it did so. 28 U.S.C. § 1441(a); *see Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) ("[I]n the context of the[] removal provisions the term 'defendant' refers only to the party sued by the original plaintiff."); *cf. MPAC, LLC, v. D.C.*, 181 F. Supp. 3d 81, 83 (D.D.C. 2014), *aff'd sub nom. MPAC, LLC v. D.C. Alcoholic Beverage Regulation Admin.*, No. 14-7090, 2014 WL 4628997 (D.C. Cir. Aug. 11, 2014) ("Because federal courts are courts of limited jurisdiction, removal statutes are strictly construed."). Indeed, Milani only sued Creative Concepts Group, *Inc.*, ECF No. 1-3, and CCGI *LLC* concedes that it is "a separate and legally distinct entity from Inc.," ECF No. 6 at 1, that was never "served with any process or other summons" in the case, ECF No. 1-2 at 1.

CCGI LLC offers two theories about why it was a defendant under 28 U.S.C. § 1441(a) when it removed the case. To avoid having to pay attorneys' fees and costs, of course, it need only show that it had an objectively reasonable basis to believe that it was a defendant. But neither of its theories passes even that modest bar.

In its notice of removal, CCGI LLC suggests that it became a defendant on December 9, 2019, when it moved to intervene. ECF No. 1 at 1. But at that point, of course, the Superior Court judge had not granted the motion, and in fact she denied it the next day. *See* ECF No. 5-1 at 3. For a party seeking to intervene as a defendant and remove a case to federal court, "the

4

intervention must precede the removal." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3730 (4th ed. 2014). And those circuits that have considered the question have uniformly held that "until a third party's motion for leave to intervene is granted, a case cannot be properly removed" by that party.[1] *Wellmark Inc. v. Chicoine*, Nos. 18-90018-Q, 18-90019-Q, 2019 U.S. App. LEXIS 966, at *25 (11th Cir. Jan. 10, 2019) (per curiam); *see, e.g.*, *MB Fin., N.A. v. Stevens*, 678 F.3d 497, 499 (7th Cir. 2012) (motion to intervene "proposing to become a party" insufficient for removal without first "wait[ing] for the state court's decision on [the] motion" to intervene); *Vill. of Oakwood v. State Bank and Tr. Co.*, 481 F.3d 364, 369 n.3 (6th Cir. 2007) (party could not remove case "before the state court had an opportunity to act on [its] motion to intervene"). CCGI had no objectively reasonable basis to conclude that the mere filing of its motion to intervene caused it to become a defendant for removal purposes. And that it simultaneously removed the case before the hearing the next day suggests that its purpose was simply to delay the Superior Court proceedings.

Later, in its response to Milani's motion to remand, CCGI LLC argues instead that it became a defendant on December 10, 2019, when the Superior Court continued the hearing, because that hearing was "a new proceeding" against CCGI LLC that threatened to attach its property. ECF No. 6 at 1. That theory fails for several reasons. First, CCGI LLC filed its notice of removal on December 9, 2019, *see* ECF No. 1, so even under that theory it was not a defendant until the day *after* it removed the case. Second, CCGI LLC offers no reason why the purported "new proceeding" began on December 10, 2019, instead of November 26, 2019, when the Superior Court first "indicated from the bench that it would garnish monies owed to" CCGI LLC. ECF No. 1 at 1. Indeed, if November 26, 2019, was a "new proceeding" in which CCGI

---

[1] The D.C. Circuit does not appear to have considered the question.

LLC was a defendant for removal purposes, it would have had no reason to move to intervene a couple of weeks later, ECF No. 5-2.

Third, regardless of the hearing's timing, CCGI LLC is wrong that the hearing made it "effectively . . . a party to the case," ECF No. 6 at 1, such that it could remove it. For that proposition, CCGI LLC cites two cases from outside this Circuit that are readily distinguishable; the litigants that removed those cases were *actually*—as opposed to "effectively"—parties to them. *See* ECF No. 6 at 1–2. In both *Jackson-Platts v. GE Capital Corp.*, 727 F.3d 1127 (11th Cir. 2013), and *Travelers Prop. Cas. v. Good*, 689 F.3d 714 (7th Cir. 2012), the court held that a supplemental proceeding intended to satisfy a judgment was an "independent civil action" that could be removed "because it seeks to impose new liability on new parties founded on wholly new legal theories." *Jackson-Platts*, 727 F.3d at 1131–32, 1139; *Travelers*, 689 F.3d at 725. But even so, in *Jackson-Platts*, the court had granted the plaintiff's motion to add the removing party "as a new defendant to the underlying action," 727 F.3d at 1132 (cleaned up). Similarly, in *Travelers*, the plaintiff had filed a separate action against the removing party, 689 F.3d at 717. Nothing of the sort happened here. CCGI LLC was not a party to the Superior Court case or any ancillary proceeding.[2] For that reason, it lacked an objectively reasonable basis to believe that it was entitled to remove the case under 28 U.S.C. § 1441(a).

---

[2] District of Columbia law provides a procedure for third parties like CCGI LLC to protect their property, but it appears that procedure—which could be construed as a supplemental or ancillary proceeding—is available only *after* a court has attached the property. *See* D.C. Code § 16-551 ("garnishee or stranger to the action" may "make claim to the property *attached*" by filing "an answer defending against the attachment"). The Superior Court judge cited the availability of that subsequent procedure as a reason she conducted the hearing, even in CCGI LLC's absence, to determine whether to attach funds due from the Fort Myer contract. *See* Hrg. Tr. 5:24–6:17, 46:22–47:4, 63:6–10, 67:11–19, 69:17–70:11. But at the time of removal, the judge had not attached CCGI LLC's property, nor had CCGI LLC filed an answer defending against attachment.

**IV. Conclusion and Order**

For all these reasons, Plaintiff's Motion to Remand and Request for Attorneys' Fees, ECF No. 5, is **GRANTED**. It is hereby **ORDERED** that this case shall be remanded to the Superior Court of the District of Columbia. It is further **ORDERED** that:

1. CCGI LLC shall pay Plaintiff the costs and expenses it incurred as a result of its improper removal of the case to this Court in an amount to be determined by the Court;

2. By February 21, 2020, Plaintiff shall file an itemized list of costs and expenses arising from CCGI LLC's improper removal;

3. By February 28, 2020, CCGI LLC may file a response to Plaintiff's list, not to exceed five pages in length, addressing the appropriate calculation of the compensatory sum owed to Plaintiff; and

4. The Clerk of Court shall mail a copy of this Memorandum Opinion and Order to the Clerk of the Superior Court.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 6, 2020